(75 Misc. Rep. 192.)

CALHOUN v. MacARTHUR, County Treasurer.

(Supreme Court, Special Term, Rensselaer County. January, 1912.)

ARMY AND NAVY (§ 53*)—BURIAL OF INDIGENTS—COUNTY CHARGE.

    Where a funeral of a destitute widow of an honorably discharged sailor was conducted by a friend of the deceased, the county treasurer, on proof of the death and burial, is authorized to pay the expenses, without prior audit by the board of supervisors, under Poor Law (Consol. Laws 1909, c. 42) § 84.

    [Ed. Note.—For other cases, see Army and Navy, Cent. Dig. § 99; Dec. Dig. § 53.*]

Application by Margaret A. Calhoun for writ of mandamus against Arthur MacArthur, County Treasurer of Rensselaer County. Motion granted.

Clarence E. McNutt, for relator.

John P. Taylor, County Atty., for defendant.

HOWARD, J. Nora Burke was the widow of an honorably discharged sailor. She died without means to defray her funeral expenses, and was entitled to burial by the county under section 84 of the Poor Law (Consol. Laws 1909, c. 42). Margaret A. Calhoun, a friend, conducted her burial, and presented due proof of the woman's death and of the expense of the burial to the county treasurer, and demanded payment, which was refused. The validity of the claim is not disputed, but the county attorney insists that the claim must be audited by the board of supervisors before the county treasurer is authorized to pay it.

The latter part of section 84 of the Poor Law reads as follows:

    "If the deceased has relatives or friends who desire to conduct the burial, but are unable or unwilling to pay the charge therefor, such sum shall be paid by the county treasurer, upon due proof of the claim, and of the death and burial of the soldier, sailor or marine, or of the wife or widow of such soldier, sailor or marine to the person so conducting such burial."

This language is definite, clear and certain; and there would be no doubt about the correctness of the relator's position except for the phraseology of section 85 which, after providing for headstones for indigent soldiers, sailors and their widows, continues:

    "* * * And the board of supervisors or other board or officer vested with like powers, of the county of which such deceased soldier, sailor or marine was a resident at the time of his death, is hereby authorized and directed to audit the account and pay the expense of such burial and headstone in the same manner in which the accounts of such officer as shall be charged with the performance of such duty as above provided shall be audited and paid."

It is contended that these two sections should be read together, and, if read together, vest the board of supervisors with mandatory and exclusive power to audit this and all similar claims. But a careful reading of these two sections, even together, does not lead me to that conclusion. Section 85, in using the word "burial," does, undoubtedly, refer to one of the burials mentioned in section 84, but not to

---

the one conducted by a relative or friend, for it says the board shall audit the expense of the burial "in the same manner in which the accounts of *such officer as shall be charged with the performance of such duty as above provided shall be audited."* Where a relative or friend conducts the burial, no *officer* is charged with its performance or has anything to do with it; therefore it is the burial where the officer has charge, not the one where the friend or relative has charge, that is here referred to. Thus a distinction is clearly made in section 85, and is intended to be made, between a funeral conducted by the official and one conducted by a relative or friend.

It was the intent of the law to permit the relatives or friends of deceased soldiers or sailors or of their widows to conduct their obsequies without being humiliated or embarrassed by the presence of a county official at the funeral, whose presence would only advertise the poverty of the deceased and expose the indigent circumstances of the relatives; and it was likewise the intent of the law to provide a simple, direct method of paying any relative or friend who conducts such a funeral, without compelling him to wait for his money, or subjecting him to the roundabout procedure of first going to the board of supervisors. Such concessions are frequently made out of deference to the old soldier.

The motion is granted, with $50 costs, but only in one of the two cases presented.

Ordered accordingly.